# UNITED STATES DISTRICT COURT
### Western District of Kentucky
### Owensboro Division

| | | |
|---|---|---|
| Thomas Mangum | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.   4:19-CV-115-JHM |
| | ) | |
| Mariner Finance, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |
| Personal Finance Company LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action by Plaintiff Thomas Mangum as a consumer against Defendants Mariner Finance, LLC ("Mariner") and Personal Finance Co., LLC ("PFC") seeking damages for Mariner's and PFC's violations of **(i)** the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices; and **(ii)** the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, which was enacted to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

2.     Plaintiff also brings interrelated state-law claims against Mariner and PFC for violations of **(i)** the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.* which declares "[u]nfair, false, misleading or deceptive acts or practices in the conduct of any trade or commerce" to be "unlawful;" **(ii)** Kentucky's usury laws; **(iii)** unjust enrichment; **(iv)** KRS 286.4-533(3) which limits a consumer loan company's recovery of attorney's fees to those fees "actually incurred by the licensee and paid to an attorney who is not an employee of the licensee;" and **(v)**

KRS 453.050 which requires the filing a bill of a costs in order to recover court costs as part of a judgment.

## JURISDICTION and VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. §1692k(d); TILA, 15 U.S.C. § 1640; and 28 U.S.C. § 2201. Plaintiff asks the Court to take supplemental jurisdiction over his inextricably intertwined state-law claims under 28 U.S.C. 1367. Venue is proper because the nucleus of relevant facts and events at issue in this case arose in Hancock County, Kentucky, which is where Plaintiff resides and which is located in this district.

## PARTIES

4.      Plaintiff Thomas Mangum is a natural person who resides in Hancock County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3); is a "person" within the meaning of the KCPA, as defined at KRS 367.110(1); and is a "person" within the meaning of TILA, as defined at 15 U.S.C. § 1602(b)(e).

5.      Defendant Mariner Finance, LLC ("Mariner") is a Delaware limited liability company registered with the Kentucky Secretary of State engaged in the business of extending credit to Kentucky consumers with principal place of business is at 8211 Town Center Drive, Nottingham, MD 21236.

6.      Mariner is a consumer loan company under Kentucky law and a "person" within the meaning of the KCPA and TILA and as further stated *infra* in the body of the complaint, Mariner is a "debt collector" within the meaning of the FDCPA for purposes of this action.

7.      Defendant Personal Finance Company LLC ("PFC") is a Delaware limited liability company registered with the Kentucky Secretary of State engaged in the business of extending credit to Kentucky consumers with principal place of business located at 8211 Town Center Drive, Nottingham, MD 21236.

8.      PFC is a consumer loan company under Kentucky law. PFC is a "person" within the meaning of the KCPA and TILA and as further stated *infra* in the body of the complaint, PFC is a "debt collector" within the meaning of the FDCPA for purposes of this action.

## STATEMENT OF FACTS

**I.     Facts Relating to the Collection Action against Mr. Magnum**

9.      On November 4, 2016, Plaintiff Thomas Mangum entered into a personal loan with

Defendant Personal Finance Company LLC ("PFC") (the "PFC Note"). A true and accurate copy of the PFC Note is attached as Exhibit "A."

10.     The transaction that resulted in the consummation of the PFC Note constitutes "trade" and "commerce" as defined by the KCPA at KRS 367.110(2).

11.     Mr. Mangum used the proceeds from the PFC Note for personal, family, and/or household purposes, which makes the PFC Note a "debt" within the meaning of FDCPA and a consumer transaction covered by the KCPA, KRS 367.220.

12.     The PFC Note was a precomputed loan that included a precomputed finance charge of $600.61 which, although not interest, corresponds to an annual percentage rate (APR) of 38.97%.

13.     Mr. Mangum financed $1,319.39 under the PFC Note, which included financing of $72.00 to United Motor Club, $66.42 for property insurance and credit property insurance tax (total add-on payments of $138.42 or about 12% of the total loan proceeds paid to Mr. Mangum), a $35.46 credit investigation fee, $10.98 for non-filing insurance and tax, and $716.17 to pay off a prior PFC loan.

14.     Mr. Magnum received $453.82 directly under the PFC Note.

15.     The total, precomputed amount due under the Note was $1,920.00 payable in twenty-four (24) payments of $80.00 with the first payment due on or before December 4, 2016.

16.     Upon information and belief, the $10.98 non-filing fee was not used to purchase insurance in lieu of perfecting a security interest.

17.     The PFC Note purported to be secured by "Misc. Personal Property."

18.     Mr. Magnum made several payments to PFC and/or Mariner but, due to an economic downturn, fell behind on his payments due under the PFC Note.

19.     In the Spring of 2017, Defendant Mariner Finance, LLC ("Mariner") purportedly purchased or otherwise acquired PFC however PFC is still showing registered as an active foreign limited liability company with the Kentucky Secretary of State, having last filed an annual report on May 22, 2018.

20.     On February 6, 2018, Mariner or PFC caused or engaged the law firm of P'Pool & Roy, PLLC ("P'Pool") to file a collection action against Mr. Mangum in the Hancock District

Court of Hancock County, Kentucky in the case of *Mariner Finance f/k/a Personal Finance Company v. Thomas Mangum*, Case No. 18-C-00023 (the "State Collection Lawsuit"). A true and accurate copy of the complaint in the State Collection Lawsuit (the "Collection Complaint") is attached as Exhibit "B."

21.     "Mariner Finance" does not exist as a person or entity.

22.     The name "Mariner Finance" is not registered to do business in the Commonwealth of Kentucky and the name "Mariner Finance" is not a registered assumed name for any entity in Kentucky or any other state.

23.     At one time "Mariner Finance" was a registered trade name owned by Mariner Finance, LLC in the state of Maryland but Mariner forfeited the right to use "Mariner Finance" as a trade name in May of 2017.

24.     Because "Mariner Finance" has no legal existence the State Collection Lawsuit is a nullity because a non-existent entity cannot invoke the jurisdiction of Kentucky courts.

25.     P'Pool attached a copy of the PFC Note as an Exhibit to the Collection Complaint filed by Mariner in the State Collection Action which stated in relevant part:

1. The plaintiff, Mariner Finance fka Personal Finance Company, conducts business at 5140 Frederica Street, Ste B, Owensboro KY 42301.

2. Defendant is indebted to the plaintiff under the note and security agreement attached and filed herewith as Exhibit A.

3. Said obligation is past due and defendant owes a balance of $1116.07 plus interest in accordance with the terms of agreement per annum until paid.

4. Plaintiff has referred this claim to outside counsel who are not its regularly salaried employees and therefore is entitled to recover attorney's fees in accordance with §KRS 411.195 and the terms of the agreement.

26.     The Collection Complaint does not provide any explanation of how the balance of $1,116.07 claimed due was calculated or provide any basis for determining this amount.

27.     The $1,116.07 demanded in the Collection Complaint either fails to fully credit Mr. Mangum for payments made to Mariner and/or PFC, or alternatively the $1,116.07 demanded includes fees and capitalized interest not permitted by Kentucky law or by the terms and conditions

of the Note.[1]

28.    Upon information and belief, the principal sum of $1,116.07 demanded in the Collection Complaint includes the addition of costs and/or fees to the amount purportedly due under the Note that are not allowed to be added to the loan amount under the terms and conditions of the Note or under Kentucky law, including but not limited to payment of attorney's fees.

29.    The PFC Note attached to Mariner's Collection Complaint in the State Collection Action did not include a list of collateral secured by the PFC Note in its TILA Disclosure Statement. That is, the PFC Note does not include any identification of the secured property. The alleged secured property is not listed anywhere else in the PFC Note or loan documents.

30.    The PFC Note does not include an assignment of rights or any other notation that would indicate that the non-existent "Mariner Finance" had any cognizable interest in the debt. More importantly, nothing on the face of the PFC Note indicates that Mariner Finance, LLC or the non-existent "Mariner Finance" has *any* ownership interest in the PFC Note. Consequently, it appears that PFC appears to still be the current owner of the PFC Note.

31.    The PFC Note is a precomputed loan. Therefore, the representation that Mr. Mangum owes "interest in accordance with the terms of the agreement" is meaningless surplusage because there is no contractual interest due under the PFC Note. The PFC Note's finance charge of $600.61 is not interest. Rather, the finance charge is the time-price differential that represents Mr. Mangum's consideration to the Personal Finance Co. LLC for entering into the note. *Serv. Fin. Co. v. Ware*, 473 S.W.3d 98, 106 (Ky. Ct. App. 2015). Consequently, the PFC Note does not set forth a recoverable contract rate of interest. *Id.*

32.    On March 20, 2018, P'Pool on behalf of Mariner or PFC moved for default judgment against Mr. Mangum, which motion included a proposed Default Judgment for the Hancock District Court's signature (the "Motion for Default"). A true and accurate copy of the Motion for Default is attached as Exhibit "C."

33.    The Motion for Default provides in pertinent part:

---

[1]  Under Kentucky law, when a consumer loan is offered and accepted at a simple rate of interest, the interest charges "**shall not be** paid, deducted, received in advance, or **compounded** but **shall be computed**, collected, and received *only* **on unpaid principal balances** for the time actually outstanding." KRS 286.4-530(8) (bolding and emphasis added).

Counsel for plaintiff certifies that no papers have been served on counsel by the defendant in default and they are not now, nor have they been at any time during the pendency of this action, in the active military service of the United States, and therefore moves the Court for a default judgment.  Defendant was served on 02/09/2018 by the Hancock Co. Sheriff.

Plaintiff has referred this claim to outside counsel, who is not a regularly salaried employee, and is therefore additionally entitled to the award of its reasonable attorney fees in the amount of $368.30 pursuant to KRS 411.195.

34.     Like the Collection Complaint, the Motion for Default includes no basis for determining or calculating the amount demanded in the Collection Complaint.

35.     Upon information and belief, the $368.30 in attorney's fees is based on a contingency agreement for 33% of the amount demanded in the complaint that exists between Mariner and/or PFC and P'Pool. Because Mr. Mangum is not a party to this agreement, he is not bound by the agreement. Consequently, the representation as the amount of attorney's fees to which Mariner is contractually entitled to receive was false.

36.     The PFC Note does not provide for recovery of attorney's fees upon a contingency fee basis of 33%.

37.     Rather, the PFC Note provides that, in the event of default, Mr. Mangum agrees "to pay reasonable attorney's fees."  PFC Note at 2, Exhibit "A."

38.     Under Kentucky law, in order to recover "reasonable attorney's fees" pursuant to a contractual agreement, the party must submit an itemization of billed fees to the court, which is duty-bound to review those fees accordance to factors laid down by the Kentucky Supreme Court in Fees, SCR Rule 3.130, RPC Rule 3.130(1.5). This was not done.

39.     Further, the consumer loan company statutes that govern Mariner's and PFC's operation of business in the Commonwealth of Kentucky do not permit the recovery of attorney's fees on a percentage basis.

40.     Rather, the consumer loan company statutes provide that a consumer loan company may include a contractual provision that allows the consumer loan company to recover "[a] reasonable attorney's fee, in connection with the collection of a loan, **actually incurred by the**

licensee and paid to an attorney who is not an employee of the licensee." KRS 286.4-533(3) (bolding added).

41.     On April 5, 2018, the Hancock District Court entered a default judgment against Mr. Mangum in the State Collection Action (the "Default Judgment") in the name of the non-existent Mariner Finance. A true and accurate copy of the Default Judgment is attached as Exhibit "D."

42.     Like the State Collection Lawsuit, the Default Judgment is void *ab initio* because it was entered in favor of a non-existent entity. *Isaac v. Mount Sinai Hosp.*, 3 Conn. App. 598, 600, 490 A.2d 1024, 1026 (1985) (citing 59 Am.Jur.2d, *Parties*, §§ 20, 21) ("It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue.");  *Moores v. Fayette Cty.*, 418 S.W.2d 412, 413 (Ky. 1967) ("'Legal entity' means legal existence. The abilities to sue and be sued and to be made amenable to legal processes are characteristics of a legal entity.") (internal citation omitted).

43.     The Default Judgment provides in pertinent part:

> Plaintiff having filed a Motion for Default Judgment, it is considered and adjudged that the plaintiff, Mariner Finance fka Personal Finance Company, shall recover of the defendant, Thomas Mangum, the sum of $1116.07, plus attorney's fees in the amount of $368.30, plus interest in accordance with the terms of the agreement per annum until paid and its court costs herein, for all of which execution may issue forthwith.
>
> This is a final order and no reason for delay in entry.

44.     Upon information and belief, the 33% basis for the calculation of attorney's fees in the Default Judgment is included in a contract between PFC and/or Mariner and P'Pool, an agreement to which Mr. Mangum was not a party and to which he is not bound.

45.     Again, the PFC Note is a precomputed loan. The representation that Mr. Mangum owes "interest in accordance with the terms of the agreement" is meaningless surplusage because there is no contractual interest due under the PFC Note. Nevertheless, it appears that the judgment creditor added usurious prejudgment interest of 36.00% per annum to the principal default judgment amount.

46.     The Default Judgment is no bar to Mr. Mangum's claims for recovery of usurious

interest paid to Mariner. *Sherley v. Trabue*, 85 Ky. 71, 2 S.W. 656, 657 (1887) ("Our conclusion is that the borrower may recover usury paid by him either upon a judgment at law or in equity, and that he may do so by an action at law."). *Accord Courtney v. Dunning*, 201 Ky. 242, 256 S.W. 411, 412 (1923).

47.    While the Default Judgment awards Mariner "court costs," no amount of court costs is included or set forth in the Default Judgment.

48.    Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

49.    Further, under KRS 453.050, for cost costs to be recoverable, costs must be taxed by the court clerk. This can only happen if the prevailing party files a timely bill of costs.

50.    The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

51.    If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

52.    Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc*., 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

53.    A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

54.    On May 6, 2018, the Default Judgment became final and beyond appeal.

55.    Mariner's failure to file a Bill of Costs pursuant to Ky. R. Civ. P. 54.04 within a reasonable time after entry of judgment operated as a waiver of the Mariner's right to recover its court costs expended in the State Collection Lawsuit.

56.    At no time did Mariner move for an enlargement of time to file a bill of costs in the State Collection Action.

57.    On or about May 5, 2018, P'Pool, on behalf of Mariner and/or PFC, filed a wage garnishment on Mr. Mangum's employer (the "Wage Garnishment").

58.    The Wage Garnishment falsely represented that the "Amount Due" on the Default Judgment was $1,779.06 as of May 5, 2018.

59.    Under the plain terms of the Default Judgment, on May 5, 2018, the amount owed under the Default Judgment could not have been more than $1,484.37 ($1,116.07 (principal amount) + $368.30 (attorney's fees)).

60.    Consequently, the Wage Garnishment misrepresents and overstates the amount due under the terms of the Default Judgment as prepared by P'Pool and entered by the Hancock District Court.

61.    Mr. Mangum has paid substantial sums to Mariner and/or PFC under the Wage Garnishment.

62.    Some or all of the funds garnished from Mr. Mangum's pay were applied to unlawful usurious interest.

63.    Upon information and belief, the $1,779.06 "Amount Due" stated in the Wage Garnishment includes court costs that PFC or Mariner waived the right to recover by failing to file a timely bill of costs, usurious prejudgment interest which neither PFC nor Mariner has any legal or contractual right to recover from Mr. Mangum, and/or attorney's fees that were calculated based on the 33.3% contingency-fee agreement between P'Pool and Mariner and/or PFC.

## II.    Facts Relating to Mariner Finance, LLC's Status as a Debt Collector under the FDCPA

64.    Under the FDCPA, the term "debt collector" is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

65.     Thus, there are three ways an entity may meet the definition of "debt collector":

    i.      The entity's principal purpose is the collection of any debt;

    ii.     The entity regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and

    iii.    The entity, while collecting its own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

66.     Mariner caused the lawsuit against Mr. Mangum to be filed in the name of the non-existent entity "Mariner Finance." Mariner has a pattern and practice of causing similar collection lawsuits to be filed in the name of non-existent entities.

67.     Upon information and belief, the non-existent entity Mariner Finance's only function and purpose is to act as a proxy for Mariner Finance, LLC to collect debts from Kentucky consumers.

68.     Mariner Finance's lawsuit was an attempt to collect a debt owed to Defendant Personal Finance Company LLC.

69.     Mariner Finance's lawsuit was not an attempt to collect a debt owed to "Mariner Finance."

70.     By causing suit to be filed stating a party plaintiff that does not exist Mariner subverts the statutes and rules of procedure by creating a barrier against any counterclaim since there is no actual party plaintiff against whom a counterclaim could be brought or from whom damages could be recovered.

71.     Because Mariner caused the State Collection Lawsuit to be filed in the name of a non-existent person or entity the State Collection Lawsuit was and is an attempt by Mariner to collect a debt from Mr. Mangum that was "owed or due or [that Mariner] asserted to be owed or due another" making Mariner a "debt collector" under the second (ii) definition of "debt collector."

72.     Upon information and belief Mariner primarily uses the name "Mariner Finance" for the purpose of collecting debts through the filing of collection lawsuits making the "principal purpose" of "Mariner Finance" the collection of debt which makes Mariner a "debt collector" under the first (i) definition of "debt collector" as well.

73.     The State Collection Lawsuit filed by Mariner was to collect on a note and security agreement between Mr. Mangum and Personal Finance Company LLC making the State Collection Lawsuit an attempt by Mariner to collect a debt owed or asserted to be owed to another.

74.     Therefore, under the facts as stated herein since "Mariner Finance" does not exist the conduct of Mariner against Plaintiff makes Mariner a "debt collector" under the second definition of debt collector.

## III.     Facts Relating to Personal Finance Company LLC's Status as a Debt Collector under the FDCPA

75.     Alternatively, it was Defendant Personal Finance Company LLC ("PFC") that caused the lawsuit against Mr. Mangum to be filed in the name of the non-existent entity "Mariner Finance."

76.     Upon information and belief the primary purpose and use of the non-existent "Mariner Finance" in Kentucky is to act as a proxy to collect debts from Kentucky consumers.

77.     The State Collection Lawsuit was an attempt to collect a debt owed to Personal Finance Company LLC.

78.     By causing suit to be filed stating a party plaintiff that does not exist as a person or entity PFC subverts the statutes and rules of procedure by creating a barrier against any counterclaim since there is no actual party plaintiff against whom a counterclaim could be brought or from whom damages could be recovered.

79.     PFC caused the State Collection Lawsuit to be filed in the name of Mariner Finance. Thus, PFC "use[d a] name other than [its] own which would indicate that a third person is collecting or attempting to collect" the PFC Note from Mr. Mangum. This makes PFC a "debt collector" under the third (iii) definition set forth in 15 U.S.C. § 1692a(6).

## CLAIMS FOR RELIEF

I.     **Claims against Mariner Finance, LLC**

A.     **Violations of the KCPA**

80.     The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") constitute violations of the KCPA.

81.      The transaction that resulted in the PFC Note was conduct of "trade" and "commerce" within the meaning of the KCPA.

82.     Mr. Mangum used the funds obtained from the PFC Note exclusively for personal, family, and/or household purposes.

83.     The charging of usurious interest is squarely and firmly against long-held Kentucky public policy.

84.     The charging and collection of usurious interest in the State Collection Action is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

85.     Causing a collection lawsuit to be filed in the name of a non-existent entity is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

86.     The charging of an attorney fee of 33.3% of the amount collected based on an agreement to which Mr. Mangum is not a party is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

87.     Charging a $10.98 non-filing fee that was not used to purchase insurance in lieu of perfecting a security interest is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

88.     The misapplication of the funds received under the Wage Garnishment to waived court costs and attorney's fees calculated pursuant to an agreement to which Mr. Mangum was not a party is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

89.     Misrepresentation and overstatement of the amount due under the Default Judgment and in the Wage Garnishment is an unfair, false, misleading, or deceptive act or practice

in the conduct of any trade or commerce that is unlawful under KRS 367.170.

90.     Thomas Mangum is a natural person within the meaning of the KCPA.

91.     Mr. Mangum suffered real and ascertainable losses from Mariner's violations of the KCPA, including but not limited to payment of usurious interest, unauthorized attorney's fees, and waived court costs.

92.     Mr. Mangum has a claim against Mariner under KRS 360.220, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

**B.      Violations of KRS 360.020**

93.     The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") constitute violations of KRS 360.020.

94.     Mariner caused a collection action to be filed against Mr. Mangum that sought "interest in accordance with the terms of the agreement."

95.     Because the PFC Note was a precomputed note, the PFC Note does not contain a contractual rate of interest.

96.     Mariner received usurious interest from Mr. Mangum under the Wage Garnishment in amounts to be determined at trial.

97.     Under KRS 360.020, Mr. Mangum is entitled to recover twice the usurious interest Mariner recovered from Mr. Mangum.

**C.      Violations of the FDCPA**

98.     The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. Mariner violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute as follows:

i.      Mariner included usurious interest in the Default Judgment and Wage Garnishment that it had neither a contractual nor statutory right to recover;

ii.     Mariner misrepresented the amounts due and status of the PFC Note in the

complaint filed in the State Collection Lawsuit, the Default Judgment, and the Wage Garnishment;

iii.    Mariner caused a collection lawsuit to be filed against Mr. Mangum in the name of a non-existent entity;

iv.    Mariner included court costs in the amount claimed due in the Wage Garnishment, which Mariner waived the right to collect from Mr. Mangum by failing to file a timely bill of costs; and

v.    Mariner included attorney's fees in the Default Judgment and amount claimed due in the Wage Garnishment based on a 33.3% contingency agreement between Mariner and P'Pool, an agreement to which Mr. Mangum was not a party and to which he was not bound.

**D.    Violations of TILA**

99.    The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") as alleged above violate TILA.

100.    The TILA Disclosure Statement issued in conjunction with the PFC Note at issue violates the requirements of TILA and Regulation Z in the following and other respects:

a.    By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)(9) and 12 CFR § 226.18(m).

b.    By failing to include in the finance charge certain charges imposed by Mariner payable by Mr. Mangum incident to the extension of credit as required by 15 U.S.C. § 1605 and 12 CFR § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and 12 CFR 226.18(d).  Such amounts include, but are not limited to:

i.    A $10.00 non-filing fee, which, upon information and belief, was not used to purchase insurance in lieu of perfecting a security interest, 15 U.S.C. § 1605(d)(2), 12 CFR § 226.4(e)(2).

101.    By reason of the aforesaid violations of TILA and Regulation Z, Mariner is liable to Mr. Mangum in the amount of twice the finance charge or $2000, whichever is less, actual damages to be established at trial, and attorney fees and costs in accordance with 15 U.S.C. § 1640.

### E.       Unjust Enrichment

102.     The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") as alleged above constitute unjust enrichment.

103.     Mariner served a wage garnishment on Mr. Mangum's employer.

104.     Under the Wage Garnishment, Mariner received funds that it applied to court costs that it had no legal right to recover from Mr. Mangum because it failed to timely file a bill of costs in the State Collection Lawsuit.

105.     Under the Wage Garnishment, Mariner received funds that it applied to attorney's fees that were based on a false representation to the Hancock District Court that Mariner had a contractual right to recover 33.3% of the amount awarded in the default judgment based on agreement between Mariner and P'Pool that Mr. Mangum was not a party to and, therefore, not bound by.

106.     Under the Wage Garnishment, Mariner received funds that it applied to usurious interest that were awarded to Mariner based on false representations to the Hancock District Court.

107.     Mariner has received an unfair and unjust funds under the Wage Garnishment that benefit greatly to Mariner and to the detriment of Mr. Mangum.

### F.       Violation of KRS 286.4-533(3)

108.     The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") as alleged above violate KRS 286.4-533(3).

109.     KRS 446.070 "creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005).

110.     KRS § 286.4-533(3) provides that a consumer loan company may recover "[a] reasonable attorney's fee, in connection with the collection of a loan, actually incurred by the licensee and paid to an attorney who is not an employee of the licensee."

111.     In its complaint and motion for default judgment, Mariner falsely represented to the Hancock District Court that it had the contractual right to recover attorney's fees based on 33.3% contingency fee agreement between Mariner and P'Pool to which Mr. Mangum was not a party to

and, therefore, not bound by.

112.    Mariner did not submit an itemization of billed fees to the court, which is duty-bound to review those fees accordance to factors laid down by the Kentucky Supreme Court in Fees, SCR Rule 3.130, RPC Rule 3.130(1.5).

113.    Under the Wage Garnishment, Mariner received and retained attorney's fees based on an agreement to which Mr. Magnum was not a party to.

114.    Mr. Mangum falls within the category of persons meant to be protected by KRS 286.4-533(3), which limits a consumer loan company like Mariner to the recovery of attorney fee's actually incurred and paid by the consumer loan company.

115.    Mr. Mangum was damaged by Mariner's violation of KRS 286.4-533(3).

## F.    Violation of KRS 453.050

116.    The foregoing acts and omissions of Defendant Mariner Finance, LLC ("Mariner") as alleged above violate KRS 453.050.

117.     KRS 446.070 "creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005).

118.    KRS 453.050 provides:

> Clerks shall tax one (1) attorney's fee only in the bill of costs of the successful party at the termination of the action, but no attorney's fee shall be taxed in any court if the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars ($50), and no garnishee shall be allowed an attorney's fee. The bill of costs of the successful party shall include, in addition to other costs taxed, the tax on law process and official seals, all fees of officers with which the party is chargeable in the case, postage on depositions, the cost of copy of any pleading or exhibit obtained, the cost of any copies made exhibits and the allowance to witnesses, which the court may by order confine to not more than two (2) witnesses to any one (1) point.

119.    The only means through which a court clerk can tax costs is through the timely filing of a bill of costs.

120.    At no time did Mariner file a bill of costs in the State Collection Action.

121.    Mariner's failure to file a timely bill of costs waived Mariner's right to recover court costs from Mr. Mangum.

122.    Mariner collected court costs from Mr. Mangum under the Wage Garnishment that it had no legal right to recover from Mr. Mangum.

123.    Mr. Mangum falls within the category of persons meant to be protected by KRS 453.050, which protects losing litigants from overreach by judgment creditors and provides the notice of fees required by due process of law.

124.    Mr. Mangum has been damaged by Mariner's violations of KRS 453.050.

## II.    Claims against Personal Finance Company LLC

### A.    Violations of the KCPA

125.    The foregoing acts and omissions of Defendant Personal Finance Company LLC ("PFC") constitute violations of the KCPA.

126.    The transaction that resulted in the PFC Note was conduct of "trade" and "commerce" within the meaning for the KCPA.

127.    Mr. Mangum used the funds obtained from the PFC Note exclusively for personal, family, and/or household purposes.

128.    The charging of usurious interest is squarely and firmly against long-held Kentucky public policy.

129.    The charging and collection of usurious interest in the State Collection Action is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

130.    Causing a collection lawsuit to be filed stating the party plaintiff to be a non-existent persons or entity is an unfair, false, misleadin or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

131.    The charging of an attorney fee of 33.3% of the amount collected based on an agreement to which Mr. Mangum is not a party is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

132.    The misapplication of the funds received under the Wage Garnishment to waived court costs and attorney's fees calculated pursuant to an agreement to which Mr. Mangum was not a party is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

133.    Misrepresentation and overstatement of the amount due under the Default Judgment in the Wage Garnishment is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

134.    Thomas Mangum is a natural person within the meaning of the KCPA.

135.    Mr. Mangum suffered real and ascertainable losses from PFC's violations of the KCPA, including but not limited to payment of usurious interest, unauthorized attorney's fees, and waived court costs.

136.    Mr. Mangum has a claim against PFC under KRS 360.220, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

**B.    Violations of KRS 360.020**

137.    The foregoing acts and omissions of Defendant Personal Finance Company LLC ("PFC") constitute violation of KRS 360.020.

138.    PFC caused a collection action to be filed against Mr. Mangum that sought "interest in accordance with the terms of the agreement."

139.    Because the PFC Note was a precomputed note, the PFC Note does not contain a contractual rate of interest.

140.    PFC received usurious interest from Mr. Mangum under the Wage Garnishment in amounts to be determined at trial.

141.    Under KRS 360.020, Mr. Mangum is entitled to recover twice the usurious interest PFC recovered from Mr. Mangum.

### C.     Violations of the FDCPA

142.     The foregoing acts and omissions of Defendant Personal Finance Company LLC ("PFC") constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. PFC violated under 15 U.S.C. § 1692e, 15 U.S.C. § 1692f and one or more subsections of each statute as follows:

> i.     PFC included usurious interest in the Default Judgment and Wage Garnishment that it had neither a contractual nor statutory right to recover;

> ii.     PFC misrepresented the amounts due and status of the PFC Note in the complaint filed in the State Collection Lawsuit, the Default Judgment, and the Wage Garnishment;

> iii.     PFC caused a collection lawsuit to be filed against Mr. Mangum in the name of a non-existent entity;

> iv.     PFC included court costs in the amount claimed due in the Wage Garnishment, which PFC waived the right to collect from Mr. Mangum by failing to file a timely bill of costs; and

> v.     PFC included attorney's fees in the Default Judgment and amount claimed due in the Wage Garnishment based on a 33.3% contingency agreement between PFC and P'Pool, an agreement to which Mr. Mangum was not a party and to which he was not bound.

### E.     Unjust Enrichment

143.     The foregoing acts and omissions of Defendant Personal Finance Company LLC ("PFC") as alleged above constitute unjust enrichment.

144.     PFC served a wage garnishment on Mr. Mangum's employer.

145.     Under the Wage Garnishment, PFC received funds that it applied to court costs that it had no legal right to recover from Mr. Mangum because it failed to timely file a bill of costs in the State Collection Lawsuit.

146.      Under the Wage Garnishment, PFC received funds that it applied to attorney's fees that were based on a false representation to the Hancock District Court that PFC had a contractual right to recover 33.3% of the amount awarded in the default judgment based on agreement between

PFC and P'Pool that Mr. Mangum was not a party to and, therefore, not bound by.

147.   Under the Wage Garnishment, PFC received funds that it applied to usurious interest that were awarded to PFC based on false representations to the Hancock District Court.

148.   PFC has received an unfair and unjust funds under the Wage Garnishment that benefit greatly to PFC and to the detriment of Mr. Mangum.

F.   **Violation of KRS 286.4-533(3)**

149.   The foregoing acts and omissions of Defendant Personal Finance Company LLC ("PFC") as alleged above violate KRS 286.4-533(3).

150.   KRS 446.070 "creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005).

151.   KRS § 286.4-533(3) provides that a consumer loan company may recover "[a] reasonable attorney's fee, in connection with the collection of a loan, actually incurred by the licensee and paid to an attorney who is not an employee of the licensee."

152.   In its complaint and motion for default judgment, PFC falsely represented to the Hancock District Court that it had the contractual right to recover attorney's fees based on 33.3% contingency fee agreement between PFC and P'Pool to which Mr. Mangum was not a party to and, therefore, not bound by.

153.   PFC did not submit an itemization of billed fees to the court, which is duty-bound to review those fees accordance to factors laid down by the Kentucky Supreme Court in Fees, SCR Rule 3.130, RPC Rule 3.130(1.5).

154.   Under the Wage Garnishment, PFC received and retained attorney's fees based on an agreement to which Mr. Magnum was not a party to.

155.   Mr. Mangum falls within the category of persons meant to be protected by KRS 286.4-533(3), which limits a consumer loan company like PFC to the recovery of attorney fee's actually incurred and paid by the consumer loan company.

156.   Mr. Mangum was damaged by PFC's violation of KRS 286.4-533(3).

F.    **Violation of KRS 453.050**

157.    The foregoing acts and omissions of Defendant Personal Finance Company, LLC as alleged above violate KRS 453.050.

158.    KRS 446.070 "creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005).

159.    KRS 453.050 provides:

> Clerks shall tax one (1) attorney's fee only in the bill of costs of the successful party at the termination of the action, but no attorney's fee shall be taxed in any court if the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars ($50), and no garnishee shall be allowed an attorney's fee. The bill of costs of the successful party shall include, in addition to other costs taxed, the tax on law process and official seals, all fees of officers with which the party is chargeable in the case, postage on depositions, the cost of copy of any pleading or exhibit obtained, the cost of any copies made exhibits and the allowance to witnesses, which the court may by order confine to not more than two (2) witnesses to any one (1) point.

160.    The only means through which a court clerk can tax costs is through the timely filing of a bill of costs.

161.    At no time did PFC file a bill of costs in the State Court Collection Action.

162.    PFC's failure to file a timely bill of costs waived PFC's right to recover court costs from Mr. Mangum.

163.    PFC collected court costs from Mr. Mangum under the Wage Garnishment that it had no legal right to recover from Mr. Mangum.

164.    Mr. Mangum falls within the category of persons meant to be protected by KRS 453.050, which protects losing litigants from overreach by judgment creditors and provides the notice of fees required by due process of law.

165.   Mr. Mangum has been damaged by PFC's violations of KRS 453.050.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas Mangum requests that the Court grant him the following relief:

1.   Award Plaintiff maximum statutory damages against all Defendants pursuant to the FDCPA;

2.   Award Plaintiff his actual damages;

3.   Award Plaintiff punitive damages against Mariner Finance, LLC and/or Personal Finance Company LLC under the KCPA;

4.   Award Plaintiff twice the Finance Charge in the PFC Note pursuant to TILA;

5.   Pursuant to KRS 360.020, award Plaintiff twice the usurious interest recovered by Mariner Finance, LLC and/or Personal Finance Company LLC;

6.   Award Plaintiff his reasonable attorney's fees and costs;

7.   A trial by jury; and

8.   Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James Hays Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com